PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC GLAZE, | ) | |
| | ) | CASE NO. 4:24CV1815 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN ASSISTANT HORTON, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 1, 2] |

## I. Background

*Pro se* Plaintiff Cedric Glaze, a prisoner in the Ohio State Penitentiary ("OSP"), filed this action seeking a Writ of Mandamus under Ohio Revised Code § 149.43 against the Ohio Department of Rehabilitation and Correction ("ODRC") and Warden Assistant Horton. (ECF No. 1). Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). That application is granted. Plaintiff requested records from the prison in which he is incarcerated to gather evidence for a potential future lawsuit. He did not obtain those records to his satisfaction. He asks the Court to compel the Defendants to produce the materials he requested, but his request must be denied, because the Court cannot order an Ohio state agency to comply with an Ohio statute.

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*,

(4:24CV1815)

490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. Bell Atl. Corp., 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. Id. In reviewing a complaint, the court must construe the pleading in the light most favorable to the Plaintiff. Bibbo v. Dean Witter Reynolds, Inc., 151 F.3d 559, 561 (6th Cir.1998).

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and may not entertain an action over which jurisdiction is lacking. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Defects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the

(4:24CV1815)

proceedings. *Curry v. U.S. Bulk Transport, Inc*. 462 F.3d 536, 539-40 (6th Cir. 2006); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988).

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. See *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

(4:24CV1815)

### III. Analysis

Plaintiff has not established a basis for federal court subject matter jurisdiction. Diversity of citizenship does not exist in this case. All of the parties appear to be citizens of Ohio. If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. Plaintiff seeks mandamus relief under Ohio Revised Code § 149.43, which governs the production of public records. The statute provides a remedy for failure of a public officer to comply with the request:

> If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for public records to comply with an obligation in accordance with division (B) of this section, the person allegedly aggrieved may do only one of the following, and not both:
> (a) File a complaint with the clerk of the court of claims or the clerk of the court of common pleas under section 2743.75 of the Revised Code;
> (b) Commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, that awards court costs and reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages under division (C)(2) of this section.

Ohio Rev. Code Ann. § 149.43 (C)(1). The statute goes on to state where that mandamus action may be brought:

> The mandamus action may be commenced in the court of common pleas of the county in which division (B) of this section allegedly was not complied with, in the supreme court pursuant to its original jurisdiction under Section 2 of Article IV, Ohio Constitution, or in the court of appeals for the appellate district in which division (B) of this section allegedly was not complied with

4

(4:24CV1815)

>pursuant to its original jurisdiction under Section 3 of Article IV, Ohio Constitution.

*Id.* The Court does not have jurisdiction to order an Ohio state agency to comply with an Ohio statute. Plaintiff must seek such relief in the state courts as provided by the statute. He has not established a basis for federal subject matter jurisdiction.

### IV. Conclusion

Accordingly, this action is dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


January 31, 2025                                      /s/ Benita Y. Pearson
Date                                                  Benita Y. Pearson
                                                      United States District Judge